Filed 6/4/24  P. v. Davies CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099311 |
| Plaintiff and Respondent, | (Super. Ct. No. 67151) |
| v. | |
| CARL DAVIES, | |
| Defendant and Appellant. | |

Defendant Carl Davies appeals the trial court's denial of his petition for resentencing under Penal Code former section 1170.95, now section 1172.6.  (Unless otherwise stated, statutory section citations that follow are to the Penal Code.)  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.  He contends the trial court erroneously relied on this court's opinion from defendant's appeal of his underlying conviction to determine that he was

1

the actual killer and therefore ineligible for relief. The People concede the error, and we will reverse and remand the matter with directions to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d).

## FACTS AND HISTORY OF THE PROCEEDINGS

In 1987, a jury found defendant guilty of second degree murder (§ 187, subd. (a)) and found true that defendant personally used a knife during the crime (§ 12022, subd. (b)). The trial court sentenced defendant to prison for 16 years to life. On appeal, this court affirmed the judgment. (*People v. Davies* (Sept. 30, 1988, C002846) [nonpub. opn.].)

In 2023, defendant filed a petition for resentencing under section 1172.6. Counsel was appointed, and the prosecution filed a brief arguing defendant was ineligible for relief because he actually and personally killed the victim. The prosecution attached multiple exhibits: (1) a copy of this court's opinion from defendant's appeal of his original conviction, (2) a portion of the jury instructions that does not include the instructions for murder, (3) the information, (4) the judgment form, and (5) the verdict forms. Defendant filed a reply arguing the trial court could not rely on the statement of facts in this court's prior opinion in determining whether defendant was ineligible for relief as a matter of law because he was the actual killer.

The trial court held a prima facie hearing in August 2023 and subsequently issued a written order denying defendant's petition for resentencing. The trial court noted this court's prior opinion in the matter stated there was "no dispute" that the victim died due to the wounds that defendant inflicted with a knife, and the only issue for the jury was whether defendant acted in self-defense or in retaliation. The court then reasoned that a defendant who was the actual killer and acted with express or implied malice is ineligible for resentencing. The court found it could rely on the record of conviction, including this court's prior opinion, in analyzing whether defendant was eligible for relief. The court

2

further reasoned that defendant had failed to dispute that the jury was never instructed on any theory of imputed liability. In sum, defendant was ineligible for relief because this court's prior opinion established that defendant acted alone, was the actual killer, and was not convicted under any theory of imputed liability.

Defendant filed a timely appeal.

## DISCUSSION

### I

### *Legal Background*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1172.6, which allows those convicted of murder under a now-invalid theory of murder to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner

3

would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.; see also *People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].) Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.)

We independently review the denial of a section 1172.6 petition at the prima facie stage. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

II

*Analysis*

Defendant asks us to reverse the trial court's order denying his petition for resentencing, arguing the trial court erroneously relied on this court's prior opinion to determine the facts of the case. The People properly concede the error.

Here, the trial court determined defendant was ineligible for relief because the factual summary in this court's prior opinion described defendant as the actual killer. As courts have explained, a trial court may not rely on a factual summary in an appellate opinion to determine whether a defendant is ineligible for resentencing at the prima facie stage. (*People v. Flores* (2022) 76 Cal.App.5th 974, 987-988.) Given that the record of conviction does not contain a copy of the jury instructions regarding murder, there is no other evidence in the record of conviction that establishes as a matter of law that defendant is ineligible for relief. Under the circumstances, we must vacate the trial court's order and remand the matter.

4

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition for resentencing is reversed and the matter is remanded with directions. On remand, the trial court shall issue an order to show cause and hold an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3).

                                     _____

                                     HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

WISEMAN, J.*

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5